## 21160

Edward Willie AVINGER, Appellant, v. S. C. PUBLIC SERVICE AUTHORITY, Respondent.

(263 S. E. (2d) 648)

*Kermit S. King* and *Jean L. Perrin,* Columbia, and *Harris A. Marshall, Jr.,* Orangeburg, *for appellant.*

*G. Dana Sinkler,* Charleston, and *Wallace S. Murphy,* Moncks Corner, *for respondent.*

February 26, 1980.

LEWIS, Chief Justice:

Appellant brought this action to require the reconveyance of a tract of land acquired by respondent under the State Authorities Eminent Domain Act (Section 28-3-10 *et seq.,* 1976 Code of Laws), which grants to the owner, from whom the land is acquired, the right to repurchase under certain conditions. Summary judgment was entered denying appellant's demand for reconveyance of the land, and this appeal followed. The material facts are not in dispute. We affirm.

At issue is the title of 9.3 acres of land, which is a part of a 12.4 acre tract, acquired by respondent from appellant's father (now deceased) for use in connection with the operation of respondent's hydro-electric power project. This action is brought by appellant as the sole heir at law of his deceased father. Acquisition of the lands was negotiated through a sales contract and title subsequently confirmed pursuant to the procedures of the State Authorities Eminent Domain Act, which provides in Section 28-3-30, that, if the lands, or any portion thereof, acquired under the Act, are not occupied for the purposes of the hydroelectric project within five years from the date of acquisition of the lands.

The owner of any tracts of land acquired by said State authority under this chapter shall have the absolute right to repurchase said lands from said State authority upon the payment by the owner to said State authority of the amount paid by said State authority to said owner . . .. Unless the owner shall exercise his right to repurchase said lands within a period of one year from the expiration of the five years above provided, then said right shall cease upon the authority giving to said owner ninety days' notice that said right will expire at the end of said ninety days.

Although title to the land in question was transferred to respondent through condemnation proceedings, such proceedings followed a negotiated purchase of the land and, by agreement, were brought solely for the purpose of perfecting title in respondent, as the record conclusively shows.

In 1940, appellant's father signed a contract, in which he agreed to sell and convey, within ninety (90) days thereafter, the fee simple title to the land involved to respondent for the sum of $177.30. It was also agreed that, if the seller could not show satisfactory title within the ninety (90) day period, such time limit might be extended to permit the perfecting and approval of title. With further reference to any possible need to perfect title, it was provided in paragraph 3 of the contract as follows:

In the event that a friendly suit should be necessary to perfect title, the seller and the Authority agree to cooperate fully to expedite the condemnation proceedings and further agree that the value of said property for the purposes of said condemnation proceedings shall be the price above stipulated.

After appellant's father had signed the contract for the sale of the land and prior to formal execution by respondent, it was discovered that there were adverse claims of record against the property, which necessitated the institution of legal proceedings to clear the title. Accordingly, as agreed in the sales contract, friendly condemnation proceedings were instituted, resulting in the execution of a deed to respondent for the consideration agreed to in the contract of sale.

It is conceded that title to the land was transferred to respondent through condemnation proceedings instituted under the State Authorities Eminent Domain Act; that the property has not been occupied or used for the purposes set forth in the Act within five years from the date of acquisition by respondent; that respondent has never given the ninety day notice set forth in the Act; and that appellant has tendered to respondent a return of the purchase price paid.

The dispositive issue is correctly stated and decided by the able trial judge, which we largely follow.

It is the position of the appellant that, under the terms of the State Authorities Eminent Domain Act, his father, and he as his successor in title, had the right to exercise the right of repurchase at any time after five years from the date of the acquisition of the property by the Authority, because the Authority never gave 90 days notice that the option would expire. The respondent, on the other hand, takes the position that appellant's predecessor in title, having contracted to convey the fee simple title to the property, could acquire no greater interest under the condemnation proceedings than he would have had had he conveyed by general warranty deed.

It is conclusively established from the language of the contract that appellant's predecessor in title, Thomas Avinger, was obligated to convey a fee simple title to the tract in question by general warranty deed within 90 days on request of respondent. It was provided, however, that in the event the seller was unable to show title satisfactory to respondent within that period of time, the time could then be extended to permit the perfection and approval of the title. In that event, *the contract provided for institution of condemnation proceedings as a means of perfecting the title* and provided that the term of the contract with respect to price should prevail, should such proceedings be necessary, and required the seller's full cooperation to expedite the proceedings.

Certainly nothing in the language of the contract evinces any intention of the parties to enlarge or enhance the rights of the landowner through the provision with respect to condemnation. It would be anomalous indeed, to hold that the landowner acquired greater rights under the agreed condemnation proceedings than he enjoyed under the terms of the contract, because of his inability to perform and convey a fee simple title by general warranty deed.

It is apparent that condemnation proceedings were intended merely as a vehicle by which title could be perfected, just as a suit for specific performance or some other means might have been employed had respondent so elected. Accordingly, appellant and his predecessor in title never acquired the right to repurchase the property as provided in the State Authorities Eminent Domain Act. This is so because by agreement the condemnation proceeding was simply the vehicle by which the agreed sale was effectuated. The rights of the parties are governed by the contract of sale.

The fact, as argued by appellant, that the contract of sale was never signed by respondent is of no consequence, under the facts of this case, since the acts and conduct of respondent conclusively show its acceptance and that all parties acted pursuant to its terms. See: *Shealy v. Fowler,* 182 S. C. 81, 188 S. E. 499.

We find it unnecessary to consider the other questions argued.

Judgment is affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.